```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                            LEXINGTON
```

| | |
|---|---|
| TOMMY H. OWENS, | ) |
| | ) Civil Action No. 5:03-95-JMH |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION AND ORDER** |
| MIKE SOUTHERLAND, et al., | ) |
| | ) |
|     Defendants. | ) |
| | ) |

                              ** **     ** **     ** **     ** **     ** **

Before the Court is the summary judgment motion of Defendants Keith Middleton, in his individual capacity and in his official capacity as the City of Stanford Chief of Police, the City of Stanford, and Mike Southerland, in his official capacity as a City of Stanford Police Officer [Record No. 51]. Three additional motions for summary judgment are currently pending as well [Record Nos. 49, 52, & 61], but in this order, the Court addresses only the motion made by Middleton, the City of Stanford, and Southerland, in his official capacity. Plaintiff responded to all summary judgment motions in a single response [Record No. 73]. Defendants Middleton, the City of Stanford, and Southerland replied to Plaintiff's response [Record No. 80]. Fully briefed, this matter is ripe for review.

                                  **FACTUAL BACKGROUND**

Plaintiff's complaint stems from events surrounding his arrest on February 26, 2002 at his home in Stanford, Kentucky. The

following represents a summary of the facts as they relate to Defendants' motion [Record No. 51].  On February 26, 2002, Plaintiff's wife, Kathy Owens, called 911 to request assistance concerning a domestic dispute.  Defendants Southerland, a City of Stanford Police Officer, and Henderson, a Lincoln County Deputy Sheriff, arrived at Plaintiff's residence in response to the call and began to converse with Plaintiff through the closed front door of his home.  After initially refusing to open the door to Southerland and Henderson, cursing them, and telling them to go away, Plaintiff claims that he relented and opened the door. Southerland and Henderson entered the residence and pushed Plaintiff onto his couch.  According to Plaintiff, Southerland and Henderson pushed him face down into the couch and attempted to restrain Plaintiff by using their body weight to pin him down. Plaintiff claims that Southerland repeatedly struck Plaintiff in the head, restrained Plaintiff's head, and pried Plaintiff's eyes open while Henderson sprayed pepper spray in Plaintiff's face and eyes.

Southerland and Henderson escorted Plaintiff out of his home and placed him in Southerland's police car.  Plaintiff claims that, despite his pleas, he was given neither medical attention for his injuries nor provided with a means to decontaminate his eyes. Plaintiff then forcibly shattered the backseat window of the police car.  Southerland, Henderson, and Bill Collins, a Kentucky State

Trooper, removed Plaintiff from the police car and restrained him, while Ronnie Smith, a Lincoln County Deputy Sheriff, shackled his legs.  Plaintiff alleges that Southerland then kicked Plaintiff in the leg and Collins stomped on his back.  Plaintiff claims that as he was raised from the ground, Southerland hit him in the face and struck him on the side of his head.  Plaintiff alleges that he was again sprayed with pepper spray.  Plaintiff was then placed in Collins's vehicle and transported to jail.  The Court will not summarize the events that transpired after this point as they are not relevant to Defendants Middleton, City of Stanford, and Southerland's motion for summary judgment.

**PROCEDURAL HISTORY**

This case was filed by Plaintiff on February 26, 2003 [Record No. 1].  On May 7, 2003, the Court stayed this case pending resolution of Plaintiff's criminal proceedings in state court [Record No. 8].  After Plaintiff's state criminal proceedings were resolved, the Court returned the case to the active docket on January 27, 2005 [Record No. 12].  Plaintiff's Eighth Amendment claims and claims for malicious prosecution were dismissed as to all Defendants by the Court's order dated, February 8, 2005 [Record No. 13].[1]  Defendants ask the Court to enter summary judgment in their favor on Count III against Middleton, in his individual and

---

[1] As a result of this order, Plaintiff's claims for malicious prosecution and violations of his Eighth Amendment rights in Counts IV, V, VI, VII, VIII, and XIV were dismissed.

official capacity, under 42 U.S.C. § 1983 for violating Plaintiff's Fourth Amendment rights; Count IX against the City of Stanford under 42 U.S.C. § 1983 for violating Plaintiff's Fourth Amendment rights; and all claims against Southerland in his official capacity.[2]

### STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden is met by showing the court that there is an absence of evidence on a material fact on which the nonmoving party has the ultimate burden of proof at trial. *Id.* at 325. A fact is material if its resolution will affect the outcome of the lawsuit. *Waters*

---

[2] Plaintiff concedes that his claim for intentional infliction of emotional distress (Count XII) should be dismissed because it is not supported by the facts or law.
    Plaintiff includes all Defendants in Count X, which Defendants addressed in their motion as a claim for injunctive relief and punitive damages under § 1983 for the violation of Plaintiff's constitutional rights. In his response to the motions for summary judgment, Plaintiff concurs with Defendants that his claim for injunctive relief is not supported by the facts or law and that pursuant to federal and state law, punitive damages are not available against the City, or Middleton and Southerland in their official capacities.

*v. City of Morristown*, 242 F.3d 353, 358 (6th Cir. 2001); *see Pharakhone v. Nissan N. Am., Inc.*, 324 F.3d 405, 407 (6th Cir. 2003) ("If, under the governing law, the outcome would be the same regardless of how a factual dispute is resolved, the dispute is no bar to summary judgment."). Once the moving party satisfies its burden, the burden then shifts to the nonmoving party to "come forward with some probative evidence to support its claim." *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

When determining whether there is enough evidence to overcome summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, in this case, the plaintiff. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Multimedia 2000, Inc. v. Attard*, 374 F.3d 377, 380 (6th Cir. 2004). The Court must not weigh the evidence, but must decide whether there are genuine issues for trial. *Anderson*, 477 U.S. at 249. Only material factual disputes will preclude summary judgment, and the dispute must be genuine, that is, the facts must be such that if proven at trial, a reasonable jury could return a verdict for the nonmoving party. *Id.* at 248.

**ANALYSIS**

*I. Plaintiff's Claims Against Defendants Middleton and Southerland in Their Official Capacities*

In his complaint, Plaintiff brought claims against Defendants Southerland and Middleton in their individual and official

capacities. "A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Matthews v. Jones*, 35 F.3d 1046, 1049 n.14 (6th Cir. 1994). "There is no longer a need to bring official-capacity actions against local government officials, . . . local government units can be sued directly for damages and injunctive or declaratory relief." *Kentucky v. Graham*, 473 U.S. 159, 167 (1985) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978)). The court in *Leach v. Shelby County Sheriff*, 891 F.2d 1241 (6th Cir. 1989) instructed, "a suit under section 1983 normally should be brought against either or both of two defendants: the local public official in his individual capacity and the local government which employs or is sought to be held responsible for the acts of that local public official." *Id.* at 1244-45. As Plaintiff has named the City of Stanford in his suit, his claims against Southerland and Middleton in their official capacities are redundant and will be dismissed. Plaintiff's claims against Southerland in his individual capacity will be addressed in an order on his motion for summary judgment [Record No. 52].

*II. Plaintiff's Claims Against Defendant City of Stanford*

In Count IX, Plaintiff makes the following allegations against the City of Stanford: the City of Stanford has a policy of indifference to the enforcement of laws and inadequately trained its police department, officers, commanders, and chiefs. Plaintiff

6

characterizes the City's policy and its failure to train and supervise its police as misconduct that gives rise to a claim under 42 U.S.C. § 1983.

The Supreme Court has held that a municipality can be found liable under § 1983 where the municipality itself, through the execution of its customs or policies, causes the constitutional violation at issue. *Monell*, 436 U.S. at 691-94. "[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory. . . . [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Id.* at 691, 694. Later, in *City of Canton v. Harris,* 489 U.S. 378 (1989), the Supreme Court answered the question of "[u]nder what circumstances can inadequate training be found to be a 'policy' that is actionable under § 1983" by holding that "the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Id.* at 383, 388.

To establish liability under § 1983 against the City of Stanford for failure to train, Plaintiff must prove that "the training program at issue is inadequate to the tasks that officers must perform; that the inadequacy is the result of the city's deliberate indifference; and that the inadequacy is 'closely related to' or 'actually caused' the plaintiff's injury." *Hill v.*

7

*McIntyre*, 884 F.2d 271, 275 (6th Cir. 1989) (quoting *Canton*, 489 U.S. at 1205-06)).

Defendant City of Stanford presented evidence that Southerland completed the training required by Kentucky law, KRS § 95.955. The City submitted evidence that Southerland completed the required course at Kentucky's Department of Criminal Justice Training and that as an officer, Southerland completed forty hours of training each year since his graduation from the academy. Specifically, the City presented evidence that Southerland was trained on how to use force and how to administer pepper spray. Plaintiff also submitted two Stanford Police Department policies entitled, "Use of Force" and "Oleoresin Capsicum Spray." The "Use of Force" policy outlines the use of reasonable force in an arrest, explains the levels of force authorized, and directs officers to match the level of force used with the risk confronted. Similarly, the "Oleoresin Capsicum Spray" policy describes the proper use of pepper spray against violent subjects.

Plaintiff responded to all four of Defendants' summary judgment motions in one response. In that response, however, Plaintiff fails to respond to the City's arguments. The Sixth Circuit has held that if the moving party meets its initial burden and the nonmoving party fails to respond, "its opportunity is waived and its case wagered." *Guarino v. Brookfield Township Trs.*, 980 F.2d 399, 405 (6th Cir. 1992). "Nothing in either the Rules or

case law supports an argument that the trial court must conduct its own probing investigation of the record." *Id.* The trial court must still "carefully review the legitimacy of such an unresponded-to motion, even as it refrains from actively pursuing advocacy or inventing the riposte for a silent party." *Id.* at 407.

Plaintiff does not present any evidence regarding the City of Stanford's policies or training of its police officers. Without proving (1) that the City's training program for its police is inadequate to the tasks that officers must perform, (2) that the inadequacy is the result of the City's deliberate indifference, and (3) that the inadequacy is "closely related to" or "actually caused" Plaintiff's injury, Plaintiff cannot establish liability under § 1983 against the City of Stanford for failure to train. *See Russo v. City of Cincinnati*, 953 F.2d 1036, 1046 (6th Cir. 1992); *Hill*, 884 F.2d at 275. The Court finds that Defendant City of Stanford has shown that there is an absence of evidence showing that the City's training is inadequate. *See Cacevic v. City of Hazel Park*, 226 F.3d 483, 492 (6th Cir. 2000); *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991) (holding that if the defendant meets its burden in moving for summary judgment on the unopposed issues, then summary judgment is proper). Because Plaintiff has failed to present any evidence to support his claims against the City, he has not created a genuine issue for trial. *See Cacevic*, 226 F.3d at 491 (explaining that "[a] genuine issue for trial

9

exists when there is sufficient 'evidence on which the jury could reasonably find for the plaintiff'" (quoting *Anderson*, 477 U.S. at 252)).

Plaintiff's claim that the City of Stanford's customs or policies caused his injuries and violated his Fourth Amendment rights is similarly without merit. Plaintiff concedes that a municipality cannot be held liable under § 1983 on a *respondeat superior* theory, *Monell*, 436 U.S. at 691, so in order for his claim to survive summary judgment, he must present a genuine issue as to whether a causal link exists between a policy or custom of the City of Stanford and the violation of his Fourth Amendment rights. *See Canton*, 489 U.S. at 385; *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 311 (6th Cir. 2005). Plaintiff did not respond to the City's motion on this claim. The Court finds that Plaintiff has presented no evidence of a policy or custom, and therefore, there are no genuine issues as to any material fact. As the City has met its burden on its motion, it is entitled to judgment as a matter of law.

*III.  Plaintiff's Claims Against Defendant Middleton*

In Count III of his complaint, Plaintiff alleges that Middleton failed to investigate, supervise, and train City of Stanford police officers with respect to enforcing laws, securing the safety of Plaintiff, using excessive force, and inflicting cruel and unusual punishment. According to Plaintiff, Middleton

10

failed to institute policies regarding prudent officer conduct when medical attention is requested and appropriate use of force. Plaintiff claims that this conduct by Middleton gives rise to a claim under 42 U.S.C. § 1983.

To establish a valid claim for improper supervision against Middleton, Plaintiff must show "'that [Middleton] encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Sova v. City of Mt. Pleasant*, 142 F.3d 898, 904 (6th Cir. 1998) (quoting *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 727 (6th Cir. 1996); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). In *Bellamy*, the Sixth Circuit explained that "a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson County*, 668 F.2d 869, 872-74 (6th Cir. 1982)). A supervisory official such as Middleton cannot be held liable under § 1983 under a theory of *respondeat superior*. *Id.*

Plaintiff does not contend that Middleton was present during the course of his arrest nor that Middleton directly participated in it. Furthermore, Plaintiff does not allege that Middleton encouraged the use of excessive force against him. Without any evidence that Middleton directly participated in the arrest or encouraged, authorized, or approved the violation of Plaintiff's

constitutional rights, the Court concludes that Middleton is entitled to summary judgment on Plaintiff's § 1983 claim brought against him.

Plaintiff's claim that Middleton is liable to him under § 1983 for inadequately training City of Stanford police officers fails for the same reasons that his claims of inadequate training against the City of Stanford fail.[3]  Middleton has presented evidence that Southerland completed the required initial and yearly training required by Kentucky law and has submitted policies of the City of Stanford Police Department outlining the proper use of force and administration of pepper spray.  Plaintiff did not present an argument or submit any evidence in response to Middleton's motion for summary judgment on this claim.  Absent any evidence from Plaintiff regarding the inadequacy of Middleton's training of the City's police officers, Plaintiff cannot establish liability under § 1983 against Middleton for failure to train. *See Canton*, 489 U.S. at 390-91; *Matthews*, 35 F.3d at 1049; *Russo*, 953 F.2d at 1046; *Hill*, 884 F.2d at 275.  Plaintiff has not met his burden in response to Middleton's properly supported motion for summary judgment, and therefore, Middleton is entitled to summary

---

[3] Plaintiff's claims that Middleton failed to officially require policies regarding requests for medical attention and the proper use of force are encompassed in Plaintiff's claim that Middleton failed to train his officers. Defendants characterized Plaintiff's claims in this manner and Plaintiff did not object to this characterization.

judgment on these claims.[4]

## CONCLUSION

Accordingly, and for the foregoing reasons, **IT IS ORDERED** that the motion for summary judgment submitted by the City of Stanford, Middleton, and Southerland, in his official capacity, [Record No. 51] be, and the same hereby is, **GRANTED.**

This the 10th day of March, 2006.



Signed By:
*Joseph M. Hood*
United States District Judge

---

[4] Plaintiff alleges that Middleton failed to investigate his officers concerning the authority to enforce laws, secure safety of Plaintiff, and use excessive force. Plaintiff offers no argument or evidence in response to Middleton's motion for summary judgment regarding a failure to investigate. This claim fails to survive summary judgment as well. It is the Plaintiff's duty as the nonmoving party to direct the Court's attention to portions of the record which provide evidence of a genuine issue of material fact. *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001). The Court has no duty to search the entire record for such evidence.